IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. 5:21-CV-00501-M

| | |
|---|---|
| DARIAN L. GRANTHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| FLAGSHIP PROPERTY MANAGEMENT, ) | |
| LLC, ) | |
| ) | |
| Defendant. ) | |

This matter comes before the court on Plaintiff's failure to respond to the court's Order to Show Cause why his claims should not be dismissed for lack of subject-matter jurisdiction [DE 5]. The court directed Plaintiff to demonstrate that this court had subject-matter jurisdiction over his claims no later than January 10, 2022. *See* DE 5 at 3. Plaintiff did not do so.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the court to dismiss an action for failure to prosecute, comply with the rules, or comply with a court order. "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an inherent power, governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (internal quotations omitted); *see also Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir. 2019) (citing the same). Four criteria guide a district court's discretion in dismissing a case under Rule 41(b). The court considers "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less

drastic than dismissal." *See Attkisson*, 925 F.3d at 625. These criteria "are not a rigid four-prong test," and the propriety of an involuntary dismissal depends upon the facts of each case. *See id.*

First, Plaintiff has demonstrated a lack of personal responsibility by failing to respond to a court order. That alone has been deemed sufficient to dismiss a case for failure to prosecute. *See, e.g., id.* ("This Court has previously upheld an involuntary dismissal under Rule 41(b) where the plaintiff 'failed to respond to a specific directive from the [trial] court.'"); *see also Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) ("Here, we think the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact that distinguishes this case from those cited by appellant."); *Thomas v. Arn*, 474 U.S. 140, 147 (1985) ("Had petitioner failed to comply with a scheduling order or pay a filing fee established by a court of appeals, that court could certainly dismiss the appeal."). The court's Order to Show Cause expressly directed Plaintiff to demonstrate jurisdiction or the case would be dismissed. *See* DE 5 at 3. No other sanction would be appropriate as the court cannot proceed without jurisdiction. *See, e.g., Home Buyers Warranty Corp. v. Hanna*, 750 F.3d 427, 432 (4th Cir. 2014). Any harm to Plaintiff is mitigated because the court will dismiss his Complaint without prejudice.

Therefore, because Plaintiff has failed to respond to this court's Order or demonstrate good cause for his failure to do so, Plaintiff's Complaint [DE 1] is hereby DISMISSED WITHOUT PREJUDICE. Defendant's pending motion to dismiss the same [DE 9] is thus DENIED AS MOOT. The Clerk of Court is DIRECTED to close this case.

SO ORDERED this 11th day of July, 2022.

*Richard E Myers II*

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

2